IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL J. GIBBS,
537 Countryside Drive
Naples, FL 34104,

and

Case No. 14-cv-420

PATRICIA GIBBS,
537 Countryside Drive
Naples, FL 34104,

       Plaintiffs,

v.

Owen R. Williams,
d/b/a The Law Firm of Williams & Davis
314 Keller Avenue N
Amery, WI 54001,

       Defendant.

## COMPLAINT

NOW COME the plaintiffs, Michael J. Gibbs and Patricia Gibbs (hereinafter the "Gibbs" or "plaintiffs"), by and through their attorneys, The Schroeder Group, S.C., Attorneys at Law ("TSG"), by Paul R. Hoefle and Benjamin A. Menzel, to complain as to the defendant, Owen R. Williams d/b/a The Law Firm of Williams & Davis ("Williams"), as for its claims for relief, to allege and show to the Court the following:

### PARTIES

1. The plaintiffs, Michael J. Gibbs and Patricia Gibbs, husband and wife, are adult residents of the State of Florida, residing at 537 Countryside Drive, Naples, Florida 34104.

2. Defendant Williams is an adult citizen of the State of Wisconsin residing at 314 Keller Avenue N, Amery, WI 54001. At all times material to this action, Williams was engaged in providing legal services, operating as The Law Firm of Williams & Davis.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as a result of the diversity of citizenship of the parties, and plaintiffs' damages exceeding $75,000.00, as more fully set forth herein.

## FACTS

4. Plaintiffs reallege and incorporate by reference all of the allegations set forth above.

5. On or around September 29, 2010, the Gibbs purchased certain real estate located at N1120 Little Bear Road, Sarona, Wisconsin 54870-9228 (the "Real Estate").

6. Prior to closing their purchase of the Real Estate, the Gibbs purchased an Owner's Policy of Title Insurance from Old Republic National Title Insurance Company ("Old Republic"), policy number OX-08288296 (the "Policy").

7. The Policy listed certain exceptions from coverage in relation to the Real Estate.

8. Based upon the Policy and the report on title contained therein, the Gibbs purchased the Real Estate.

9. After purchasing the Real Estate, the Gibbs substantially renovated the Real Estate and began offering the Real Estate for rent.

10. By letter dated May 20, 2011, the Gibbs received a letter from Attorney Sarah Donnelan demanding the Gibbs cease and desist from marketing and offering the Real Estate for rent, alleging the Real Estate could not be rented because of a deed dated August 11, 1960 (the "1960 Deed"), which allegedly contained restrictive covenants including but not limited to a prohibition from using the Real Estate for a business purpose.

11. The Policy did not list the 1960 Deed as an exception from coverage.

12. After receiving the May 20, 2011 letter, the Gibbs retained Williams to represent them in relation thereto.

13. On or around August 8, 2011, Donnelan, on behalf of her clients, filed suit against the Gibbs in relation to their rental of the Real Estate, Washburn County Case No. 11-CV-181 (the "Litigation"), alleging the Gibbs were violating the 1960 Deed.

14. On or around October 24, 2011, Williams filed a motion to dismiss (the "Motion to Dismiss") the Litigation.

15. At a status conference held on April 20, 2012, Washburn Circuit Court Judge Eugene Harrington ordered Williams to file a brief in support of the Motion to Dismiss by June 8, 2012.

16. Williams did not file a brief in support of the Motion to Dismiss by June 8, 2012, or at any time thereafter.

17. On April 20, 2012, Donnelan filed a motion for summary judgment on behalf of her clients (the "Summary Judgment Motion") in relation to the Litigation.

18. At the April 20, 2012 status conference, Judge Harrington ordered Williams to file his response to the Summary Judgment Motion by June 8, 2012.

19. Defenses were available to the Gibbs in relation to the 1960 Deed and the Summary Judgment Motion, including but not limited to whether the 1960 Deed was valid, and whether the Gibbs were using the Real Estate for a business purpose.

20. Williams did not file a response to the Summary Judgment Motion by June 8, 2012, or at any time thereafter.

21. During a status conference on June 29, 2012, Williams did not provide the Court any explanation for why he did not file a response to the Summary Judgment Motion.

22. During the June 29, 2012 status conference, Williams admitted the Gibbs were operating a resort and conceded the Gibbs' renting of the Real Estate was a business purpose.

23. Whether renting the Real Estate is operating a resort or a business purpose is a disputed material fact. The Gibbs dispute renting of the Real Estate is analogous to running a resort or is a business purpose, and never authorized Williams to admit these material facts.

24. As a result of Williams' failure to file a response to the Summary Judgment Motion, and his concession of a disputed fact, without authority from Williams' client, the Court entered summary judgment against the Gibbs, enjoining them from renting the Real Estate.

25. During the course of his representation, Williams failed to provide a timely written notice of the Gibbs' claim to Old Republic.

26. During the course of the Litigation, Williams failed to provide a timely written tender of defense to Old Republic.

27. As part of his representation, Williams agreed to assist the Gibbs in having the Real Estate rezoned to allow the Gibbs to rent the Real Estate.

28. Williams helped the Gibbs initiate a request with the Washburn County Zoning Committee (the "Zoning Committee") and the Town of Long Lake Board to rezone the Real Estate to allow for short-term rentals.

29. On March 1, 2012, the Gibbs filed an application for rezoning and application for a conditional use permit to allow them to use the Real Estate for short-term rentals with the Zoning Committee.

30. At its April 10, 2012 meeting, the Town of Long Lake Board denied the Gibbs' rezoning request. Williams represented the Gibbs at the April 10, 2012 Board meeting.

31. The Zoning Committee set a hearing for April 24, 2012 to consider the Gibbs' request and application.

32. Williams failed to appear at the Zoning Committee's April 24, 2012 hearing.

33. As a result, the Gibbs had to withdraw their request and application.

34. On June 26, 2012, the Zoning Committee rejected an amendment to specifically regulate short-term rentals.

35. Williams failed to advise the Court of the Zoning Committee's rejection during the Litigation's June 29, 2012 hearing.

36. On July 29, 2012, Williams filed a motion for reconsideration. In his motion for reconsideration, Williams admits he "failed to present any materials in opposition to the plaintiff's motion for summary judgment," admitted the 1960 Deed was

"appropriately filed" and said the Gibbs failed to "comply with the covenant." Williams' statements were made without the Gibbs's authorization.

37. Williams did not advise the Court of the Zoning Committee's rejection of an amendment to regulate short-terms rentals in his motion for reconsideration.

38. A hearing on the motion for reconsideration was held on August 6, 2012. At the hearing, Williams conceded to the judgment enforcing the 1960 Deed and made no arguments for relief.

39. At the August 6, 2012 hearing on the motion for reconsideration, Williams did not advise the Court of the Zoning Committee's rejection of an amendment to regulate short-term rentals.

40. On August 29, 2012, the Washburn County Board of Supervisors voted to affirm the Zoning Committee's rejection of an amendment to regulate short-term rentals.

41. On September 18, 2012, the County Board voted to not regulate short-term rentals.

42. Based upon the County Board's September 18, 2012 decision, short-term rentals are allowed in Washburn County.

### CLAIM FOR RELIEF:
### PROFESSIONAL NEGLIGENCE

43. Plaintiffs reallege and incorporate by reference all of the allegations set forth above.

44. Williams' actions and inactions fail to meet the degree care, skill, and judgment a reasonably prudent lawyer would exercise under like or similar circumstances.

1258559-2

- 6 -

45. As a result of Williams' failures, the Gibbs had to withdraw their request and application, and had summary judgment entered against them. Because of Williams' failures, the Gibbs are precluded from renting the Real Estate.

46. As a result of Williams' failure to submit a timely written notice of claim and tender of defense to Old Republic, plaintiffs are precluded from any action against Old Republic for its failure to uncover the 1960 Deed.

47. As a result of Williams' negligence, plaintiffs have suffered loss including but not limited to loss of rental income, attorney's fees and costs. In the alternative, plaintiffs have suffered loss, including, but not limited to, loss of value of the Real Estate, attorney's fees and costs. Plaintiffs' damages exceed $75,000.00.

WHEREFORE, plaintiffs demand judgment against Williams, as follows:

1. For compensatory damages in an amount to be proven at trial;

2. For any and all interest due and owing as permitted by law;

3. For all attorney's fees, costs, and disbursements due and owing as permitted by law; and

4. For all other relief the Court deems equitable or otherwise just and proper.

Dated: June 6, 2014         Respectfully submitted,

                                        **THE SCHROEDER GROUP, S.C., ATTORNEYS AT LAW**

                                        s/ Paul R. Hoefle
Paul R. Hoefle
Wis. State Bar No. 1005647
Benjamin A. Menzel
Wis. State Bar No. 1041472

|  |  |
|---|---|
| Address: | Crossroads Corporate Center |
|  | 20800 Swenson Drive, Suite 475 |
|  | Waukesha, WI 53186-2075 |
| Telephone: | 262-798-8220 |
| Facsimile: | 262-798-8232 |
| Email: | prh@tsglaw.com |
|  | bam@tsglaw.com |