IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL J. GIBBS and PATRICIA GIBBS,

              Plaintiffs,

v.

OWEN R. WILLIAMS,

              Defendant.

OPINION & ORDER

14-cv-420-jdp

---

Plaintiffs Michael J. Gibbs and Patricia Gibbs owned property in Wisconsin that they intended to use as their permanent residence upon retirement. Until then, they rented the property out to vacationers on a weekly basis. After the Gibbs' neighbors, through an attorney, warned them that renting the property violated the property's deed restrictions and a local ordinance, the Gibbs hired defendant Owen R. Williams to represent them. The neighbors sued in state court and the Gibbs eventually lost their case. The Gibbs then sued Williams in this court for legal malpractice. Both sides have now moved for summary judgment. The question before the court is whether Williams was negligent in his representation and caused the Gibbs to lose both their state court case and their corresponding insurance claim. The court concludes that regardless of Williams's actions, the Gibbs could not have prevailed on their underlying case or recovered on their claim against their insurance company.

UNDISPUTED FACTS

The following material facts are undisputed. The Gibbs own a lake house in Sarona, Wisconsin, which they intended to use as their permanent residence after retiring. In the

meantime, the Gibbs rented the house to vacationers on a weekly basis. They hired an agent to book and manage the house, took out advertisements on the internet, obtained commercial (rental property) insurance for the house, obtained a license from the Wisconsin Department of Health to use the house as a tourist rooming house, and planned to charge about $1,800 per week over the summer and about $1,500 per week in the off season. In 2011, they rented the house to five different parties and reported what they earned on their tax return.

In May 2011, the Gibbs received a letter from an attorney representing their neighbors. The letter alleged that the Gibbs' rental use of the house violated the property's deed restrictions, which provided:

> Said premises, or any building erected thereon, shall not at any time be used for the purpose of any trade, manufacture or business of any description, or as a school, hospital or other charitable institution.

Dkt. 38, at 3. The neighbors also contended that the Gibbs' use of the house violated a Washburn County zoning ordinance that restricts property use in residential districts to "one- or two-family dwelling[s]," and prohibits "resorts." Washburn County Code of Ordinances §§ 38-341(1), 38-561 (conditionally allowing "resorts" in recreational districts, but not in residential districts). The Code of Ordinances defines resorts to mean "a publicly or privately owned parcel of land . . . open to the general public, with or without a daily fee, that is used primarily for the purpose of providing resort units and dwelling units." *Id.* § 38.562. In August 2011, the neighbors sued the Gibbs.

The Gibbs hired Williams to defend them. Williams filed a motion to dismiss the neighbors' complaint, but he did not file a brief to support that motion. Williams did not

respond to discovery requests, and when the neighbors moved for summary judgment in the case, Williams did not file an opposition brief. At a hearing on the summary judgment motion on June 29, 2012, Williams admitted, without the Gibbs' consent, that the Gibbs were using their property as a resort and business. The Gibbs eventually lost their case in the Wisconsin Circuit Court for Washburn County. As a result of the case, the Gibbs were enjoined from using the house as a vacation rental.

The Gibbs raise a second issue. When they purchased the property, the Gibbs obtained an Owners' Title Insurance Policy, written by Old Republic National Title Insurance Company, from its agent, Banana Abstract, Inc. In the spring and summer of 2011, Patricia Gibbs met with an employee at Banana Abstract several times to discuss the covenant on the property. Each time, the employee assured Patricia Gibbs that there was no covenant against the property. In one of their conversations, Patricia Gibbs told the employee about the neighbors' lawsuit. In response, he maintained that there was no covenant. Later, after the lawsuit against the Gibbs was well underway, the employee told Patricia Gibbs that there *was* a covenant that Banana Abstract had previously missed.

By August 2013, the Gibbs had ended their attorney-client relationship with Williams and hired new counsel. They filed suit against Williams on June 6, 2014. It appears that defendant Williams may be deceased. Under ordinary circumstances, Mr. Williams's estate should be substituted as defendant. But given that this opinion and order will dispose of this case, the substitution may be an unnecessary formality.

The court has jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the Gibbs allege damages of more than $75,000.[1]

---

[1] Although the Gibbs' allegation of the amount in controversy was conclusory and

ANALYSIS

The parties have filed cross motions for summary judgment. For each side to survive summary judgment, the party opposing it "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Neither may simply rely on the allegations in the pleadings to create such a dispute, but must "demonstrate that the record, taken as a whole, could permit a rational finder of fact to rule in [their] favor." *Johnson v. City of Fort Wayne, Ind.*, 91 F.3d 922, 931 (7th Cir. 1996). Because the Gibbs bear the burden of proving malpractice, they "must then go beyond the pleadings and affirmatively demonstrate a genuine issue of material fact for trial." *Id.* at 931; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Finally, the parties may rely only on admissible evidence to demonstrate an issue for trial. *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) ("Admissibility is the threshold question because a court may consider only admissible evidence in assessing a motion for summary judgment.").

Because the court sits in diversity, it applies Wisconsin state law. *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001). To prevail on a legal malpractice claim under Wisconsin law, the Gibbs must demonstrate that: (1) they had a lawyer-client relationship with Williams; (2) Williams committed acts or omissions constituting negligence; and (3) the negligence caused injury to the Gibbs. *Tallmadge v. Boyle*, 2007 WI App 47, ¶ 15, 300 Wis. 2d 510, 730 N.W.2d 173. In addition to demonstrating all three of

---

unsupported, it was not opposed. Dkt. 34, at 2. "If uncontested, the [c]ourt will accept the plaintiff's good faith allegation of the amount in controversy unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Am. Premier Underwriters, Inc. v. Estate of Chizum*, No. 14-cv-351, 2015 WL 3657715, at *3-4 (N.D. Ind. June 11, 2015) (internal citations and quotation marks omitted). The court is satisfied that it is *not* legally certain that the Gibbs could not recover at least $75,000 in damages.

these elements, the Gibbs must also prove the nature and extent of their injury before they can recover for it. *Id.* The parties agree that the Gibbs and Williams had a lawyer-client relationship. But Williams disputes whether his actions were negligent or caused the Gibbs injury.

To make out their case that Williams's negligence caused them harm, the Gibbs may show that but for Williams's negligence, they would have prevailed in the underlying case. *Id.* at 104-05. The Gibbs claim that over the course of the underlying proceeding, Williams:

- Failed to file a brief in support of a motion to dismiss;
- Failed to file a brief in opposition to a motion for summary judgment;
- Failed to respond to discovery requests; and
- Admitted that the Gibbs were using the property as a business during the hearing on the summary judgment motion.

Dkt. 19, at 4. The Gibbs argue that these actions constituted malpractice and caused them to lose a case that they should have won. Williams does not dispute the Gibbs' recitation of his lapses, but he contends that his representation was not negligent. He maintains that the Gibbs did not have a good defense and would have lost either way. To resolve this issue, the court must examine whether the Gibbs' use of their property violated the ordinance or the covenant under which they were sued.

Wisconsin "favors the free and unrestricted use of property." *Solowicz v. Forward Geneva Nat., LLC*, 2010 WI 20, ¶ 34, 323 Wis. 2d 556, 780 N.W.2d 111 (internal citations and quotations marks omitted). Accordingly, zoning ordinances "are to be construed in favor of the free use of private property." *Heef Realty & Investments, LLP v. City of Cedarburg Bd. of Appeals*, 2015 WI App 23, ¶ 7, 361 Wis. 2d 185, 861 N.W.2d 797, *review denied sub nom.*,

*Heef Realty & Invs. LLP v. City of Cedarburg Bd. of Appeals*, 2015 WI 78, ¶ 7, 865 N.W.2d 503. But where an ordinance is "clear and unambiguous," the court will enforce it. *Id.* Similarly, "if the intent of a restrictive covenant can be clearly ascertained from the covenant itself, the restrictions will be enforced." *Solowicz*, 2010 WI 20, ¶ 49 (internal citations and quotation marks omitted). Here, both the zoning ordinance and the covenant are unambiguous. The ordinance prohibits using the property in ways defined as a "resort,"[2] and the covenant prohibits using it as a business. Washburn County Code of Ordinances § 38.563; Dkt. 38, at 3.

The Gibbs' defense turned on whether their use of the property conflicted with these prohibitions. The Gibbs undisputedly rented the property for money. They advertised it to the public as a "vacation rental." Dkt. 18-1. They obtained a license to run a "tourist rooming house."[3] Dkt. 41, at 10. They took out insurance to cover a "vacation resort house." *Id.* at 11. They hired someone to manage it. Dkt. 16, ¶ 6. Before they were sued, the Gibbs actually rented the property to five different parties and they reported the money that they earned on their tax returns. *Id.* ¶ 9 and Dkt. 24-3. Under Wisconsin law, those facts support the conclusion that the Gibbs used the property as both a "resort" and as a business.[4]

---

[2] A resort "means a publicly or privately owned parcel of land that . . . [is] open to the general public, with or without a daily fee, [and] is used primarily for the purpose of providing" "either temporary or permanent residential occupancy by one family." Washburn County Code of Ordinances § 38-562.

[3] "Tourist rooming house means any lodging place or tourist cabin or cottage where sleeping accommodations are offered for pay to tourists or transients." Wis. Stat. § 254.61.

[4] The Gibbs' argument that a "resort" must include more than one "resort unit" is meritless. According to the Washburn County Code § 38.670, "the singular number includes the plural and the plural number includes the singular."

The Gibbs argue that because each family renting the property used it for ordinary living purposes, like eating, sleeping, and relaxing, their use was residential. *See Heef*, 2015 Wis App 23, ¶ 12. However, both the ordinance and the covenant prohibitions apply even under this interpretation. Families generally use "resorts" for ordinary living purposes, but the ordinance still prohibits that use in residential districts. Washburn County Code of Ordinances § 38.563. Similarly, vacation rental businesses use property for renters' ordinary living purposes, but those businesses are still prohibited under the covenant. Dkt. 38, at 3. Therefore, despite the activities of the families renting the property, the way that the Gibbs used the property violated both the ordinance and the covenant as a matter of Wisconsin law. Accordingly, the Gibbs could not have won their underlying case regardless of whether Williams was negligent. Williams is thus entitled to summary judgment on this point.

The Gibbs also contend that Williams failed to tender their claim to the Gibbs' insurer, Old Republic, and that his negligence precluded them from recovering on their title policy. Williams contends that the Gibbs tendered the defense to the insurer's agent, Banana Abstract, and that notice to one was notice to the other. Williams also argues that because the Gibbs' claim was not covered by their policy, they suffered no harm as a result of his action or inaction.

The Old Republic policy requires claimants to provide prompt written notice of any litigation against them. Dkt. 31-1, at 5. Delayed notice may reduce Old Republic's liability to the extent that the delay causes prejudice. *Id.* But under Wisconsin law, tendering notice to an insurance company's registered agent constitutes notice to the insurance company. Wis. Stat. § 631.09. The Gibbs received a cease and desist letter from their neighbors' lawyer on May 20, 2011, and Patricia Gibbs informed Banana Abstract of the letter before July 15,

7

2011. Dkt. 41, at 13, 16. When the neighbors filed suit in August 2011, Patricia Gibbs informed Banana Abstract. *Id.* at 14, 17. By promptly informing Old Republic's agent, Patricia Gibbs gave sufficient notice to Old Republic as the principal. *See Berna-Mork v. Jones*, 173 Wis. 2d 733, 496 N.W.2d 637, 640 (Ct. App. 1992). Thus, the Gibbs cannot succeed on any claim based on Williams's failure to provide notice to Old Republic.

Williams also argues that regardless of whether the Gibbs promptly tendered notice of their claim, they could not recover under the title policy. The court agrees. The Gibbs' use of the property violated the Washburn County Zoning Ordinances, and so it was excluded from coverage. Dkt. 24-3, at 5 (excluding coverage for "(a) Any law, ordinance, permit, or government regulation (including those related to building and zoning) restricting, regulating, prohibiting, or relating to (i) the occupancy, use, or enjoyment of the Land."). Because the Gibbs did not have a recoverable claim, any negligence by Williams in failing to effectively tender their claim could not have caused them to lose insurance coverage.

Based on the undisputed facts in this case, no reasonable jury could find that Williams's negligence caused the Gibbs to lose their underlying case or their claim against their insurance company. Accordingly, Williams is entitled to summary judgment. It is not necessary to address the remaining elements of the Gibbs' claim.

ORDER

IT IS ORDERED that:

1. Plaintiffs Michael J. Gibbs and Patricia Gibbs's motion for summary judgment, Dkt. 14, is DENIED.

2. Defendant Owen R. Williams's motion for summary judgment, Dkt. 20, is GRANTED.

3. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered September 14, 2015.

                                                       BY THE COURT:
                                                       /s/

                                                       _____
                                                       JAMES D. PETERSON
                                                       District Judge